# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8517 | **DATE** | 10/26/2012 |
| **CASE TITLE** | Somen Menedez (M-30615) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Danville Correctional Center officials to deduct $27.65 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Danville Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice for failure to state a claim. Plaintiff is granted thirty days to submit an amended complaint. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. Plaintiff's failure to submit an amended complaint will result in dismissal of this case on the understanding that he does not wish to proceed with his claims at this time.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

　　　Plaintiff, Somen Menedez, a prisoner at Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
　　　Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $27.65. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.
　　　Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
　　　Plaintiff alleges that on June 16, 2012, the pipes in the division he was detained in at Cook County Jail became clogged and became backed-up with raw sewage. The raw sewage backed-up into the shower area which is located directly beside the dining area. In light of the sewage, a foul odor was throughout the area and Plaintiff was unable to shower, eta or sleep. Plaintiff complained to Officer Hall, who called Lieutenant Tucker and explained the situation. Tucker indicated he would check on the problem but never did so. The problem was not corrected and Plaintiff complained to Officer Lopez on June 25, 2012. Lopez called the shift commander and explained the situation but nothing was done.
　　　 On July 20, 2012, the problem still had not remedied and Plaintiff talked to Officer Hall again about the worsening situation. Hall told Plaintiff to write a grievance, which he did. The pluming issue was fixed on July 28, 2012. Plaintiff alleges that the presence of sewage and strong odor prevented him from showering and being able to eat and sleep. Plaintiff names Cook County Jail and Sheriff Tom Dart as the sole Defendant.
　　　Plaintiff must submit an amended complaint, as the document on file does not state a claim against the named

| STATEMENT |
|---|

Defendants. First, Cook County Jail is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

Furthermore, Plaintiff does not state a claim against Sheriff Dart in either his individual or official capacity. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff fails to state a claim against Dart as he makes no allegations against Dart (he is only identified as a Defendant in the complaint). *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").

Nor does Plaintiff raise an official capacity claim. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). Plaintiff does not allege that his living conditions were a result of an official policy, custom, or practice.

Plaintiff's allegations also do not appear to raise to a constitutional violation. A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). However, the relevant question for a due process analysis is whether the challenged condition of confinement constitutes punishment in the same sense as punishment under the Eighth Amendment. *See Block v. Rutherford*, 486 U.S. 576, 583 (1984); *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998).

A two-part analysis is undertaken when a prisoner challenges the conditions of his confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The conditions at issue must be "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). The prison conditions may be uncomfortable and harsh without violating the constitution. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The deprivations must be "extreme" for a conditions-of-confinement claim. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Both the condition and the length of time subjected to that condition are considered in determining if that condition rises to a constitutional level. *See Dixon*, 114 F.3d at 643-44.

If the conditions is sufficiently serious, the plaintiff must then demonstrate that the prison official acted with "deliberate indifference" to the prison condition. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Townsend*, 522 F.3d at 773. "Deliberate indifference" means that the prison official knew that that the inmate faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to address that risk. *See Farmer*, 511 U.S. at 847; *Townsend*, 552 F.3d at 773. Negligence and even gross negligence is insufficient to demonstrate deliberate indifference; instead, the defendant must have intended for the plaintiff to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but was indifferent to that risk. *See Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999); *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991).

Plaintiff's temporary inability to wash in a shower, that was minimized by washing in his cell, by itself, does not appear on the basis of the facts alleged in his complaint to rise to an extreme condition constituting a constitutional violation. *Cf. Jaros v. Illinois Dept' of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (limiting showers to once a week did not rise to a constitutional violation). Furthermore, Plaintiff grieved his inability to shower and the plumbing issue was corrected shortly thereafter, a fact strongly inconsistent with a claim of deliberate indifference. At best,

| STATEMENT |
|---|
| based on the present allegations, the delay would constitute negligence, not deliberate indifference.<br>  Based on the above, Plaintiff fails to state a claim against a named Defendant and his complaint is dismissed without prejudice.  If Plaintiff chooses to file an amended complaint, he is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint.  Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br>  In summary, Plaintiff is granted thirty days to submit an amended complaint.  Plaintiff's failure to submit an amended complaint will result in dismissal of this case on the understanding that he does not wish to proceed with his claims at this time. |
|  |