# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8517 | **DATE** | 12/20/2012 |
| **CASE TITLE** | Somen Menedez (M-30615) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [7] is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) for failure to state an actionable federal claim. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot.

■[For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Somen Menedez, a prisoner at Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously allowed to proceed *in forma pauperis*. However, his complaint, alleging that the plaintiff was deprived of his constitutional rights as the result of a temporary plumbing issue at Cook County Jail was dismissed without prejudice for failing to state a claim. Plaintiff has submitted an amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff essentially re-alleges the same allegations as the original complaint. Plaintiff alleges that on June 16, 2012, the pipes in the division he was detained in at Cook County Jail became clogged and became backed-up with raw sewage. The raw sewage backed-up into the shower area which is located directly beside the dining area. In light of the sewage, a foul odor was throughout the area and Plaintiff was unable to shower, eta or sleep. Plaintiff complained to Officer Hall, who called Lieutenant Tucker and explained the situation. Tucker indicated he would check on the problem but never did so. The problem was not corrected and Plaintiff complained to Officer Lopez on June 25, 2012. Lopez called the shift commander and explained the situation but nothing was done.

On July 20, 2012, the problem still had not remedied and Plaintiff talked to Officer Hall again about the worsening situation. Hall told Plaintiff to write a grievance, which he did. The pluming issue was fixed on July 28, 2012.

First, Plaintiff names Cook County Sheriff Dart, Lieutenant Tucker and an unknown shift commander as Defendants. However, he makes no allegations against any of these Defendant. Second, as set forth in the Court's previous order addressing the same allegations, Plaintiff's allegations do not rise to the level of a constitutional violation. A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). However, the relevant question for a due process analysis is whether the challenged condition of confinement constitutes punishment in the same sense as punishment under the Eighth Amendment. *See Block v. Rutherford*, 486 U.S. 576, 583 (1984); *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998).

A two-part analysis is undertaken when a prisoner challenges the conditions of his confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The conditions at issue must be "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer*

**STATEMENT**

*v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). The prison conditions may be uncomfortable and harsh without violating the constitution. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The deprivations must be "extreme" for a conditions-of-confinement claim. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Both the condition and the length of time subjected to that condition are considered in determining if that condition rises to a constitutional level. *See Dixon*, 114 F.3d at 643-44.

If the conditions is sufficiently serious, the plaintiff must then demonstrate that the prison official acted with "deliberate indifference" to the prison condition. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Townsend*, 522 F.3d at 773. "Deliberate indifference" means that the prison official knew that that the inmate faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to address that risk. *See Farmer*, 511 U.S. at 847; *Townsend*, 552 F.3d at 773. Negligence and even gross negligence is insufficient to demonstrate deliberate indifference; instead, the defendant must have intended for the plaintiff to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but was indifferent to that risk. *See Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999); *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991).

Plaintiff's inability to wash in a shower, a problem mitigated by the ability to wash in his cell, by itself, does not rise to a sufficiently extreme condition to constitute a constitutional violation. *See Jaros v. Illinois Dept' of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (limiting showers to once a week did not rise to a constitutional violation). In addition, while the odor is alleged to be very foul, it does not constitute an extreme condition that is "sufficiently serious" that rose to the "denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Furthermore, Plaintiff grieved his inability to shower and the plumbing issue was corrected shortly thereafter. Therefore, there is no basis in the amended complaint to plausibly suggest that any of the Defendants were deliberately indifferent to the situation; to the contrary, they took action to resolve, and ultimately resolved, the problem. That they failed to do so as quickly as the plaintiff believed to be necessary does not establish deliberate indifference. At most, the minimal delay would constitute negligence, not deliberate indifference.

As Plaintiff's allegations fail to state a claim, this suit is dismissed for failure to state a claim upon which relief can be granted. Furthermore, because his allegations fail to state an actionable claim as a matter of law, allowing him to amend his complaint would be futile.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the Plaintiff may also accumulate another "strike."